IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–01322–EWN–PAC

STEPHEN WALTER PHILLIPS,

    Plaintiff,

v.

THE PEPSI BOTTLING GROUP,

    Defendant.

---

# ORDER

---

This is an age discrimination case. Plaintiff asserts that Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (2006), by terminating him on the basis of his age. This matter is before the court on Plaintiff's "Motion Pursuant to Fed[eral] R[ule] Civ[il] P[rocedure] 56(f) for a Continuance of Summary Judgment Proceedings to Permit Discovery to be Reopened," filed June 19, 2006.

A brief review of the procedural history will bring the relevant facts into focus. On March 15, 2006, Defendant filed a motion for summary judgment on Plaintiff's claim, asserting the sole reason for Plaintiff's July 2004 termination was his poor job performance. (Def.'s Mot. for Summ. J. [filed Mar. 15, 2006].) Plaintiff responded on April 19, 2006. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. for Summ. J. [filed Apr. 19, 2006].) Defendant replied on May 25, 2006. (Def.'s Reply in Supp. of its Mot. for Summ. J. [filed May 25, 2006].)

On June 19, 2006, Plaintiff filed a motion for continuance of summary judgment proceedings to permit discovery to be reopened. (Pl.'s Mot. Pursuant to Fed. R. Civ. P. 56[f] for a Continuance of Summ. J. Proceedings to Permit Disc. to be Reopened [filed June 19, 2006] [hereinafter "Pl.'s Br."].) Plaintiff argues he needs to conduct additional discovery into two documents, which were produced after summary judgment briefs were submitted, that purportedly raise issues essential to his successful opposition to summary judgment. (*Id.* at 1–2.) On July 19, 2006, Defendant filed its response. (Def.'s Resp. to Pl.'s Mot. Pursuant to Fed. R. Civ. P. 56[f] for a Continuance of Summ. J. Proceedings to Permit Disc. to be Reopened [filed July 19, 2006] [hereinafter "Def.'s Resp."].) On August 2, 2006, Plaintiff replied. (Pl.'s Reply in Supp. of His Mot. Pursuant to Fed. R. Civ. P. 56[f] for a Continuance of Summ. J. Proceedings to Permit Disc. to be Reopened [filed Aug. 2, 2006] [hereinafter "Pl.'s Reply"].)

The first of the two late-produced documents at issue is a letter contained in files discovered by an employee of Defendant in late May 2006, which was promptly produced to Plaintiff in June 2006. (*See* Pl.'s Br., Ex. 3 [5/26/06 E-mail from Defense Counsel], Ex. 4 [Supplemental Disclosure], Ex. 5 [5/10/99 Human Resources Letter to Pl.].) Although Plaintiff was not terminated until 2004, this letter, which is unsigned and was not delivered to Plaintiff, discusses severance benefits and states that Plaintiff's "employment has been terminated effective May 10, 1999." (*Id.*, Ex. 5 [5/10/99 Human Resources Letter to Pl.].) The letter was found in the files of Scott Beijer, Plaintiff's supervisor at the time it was written. (*Id.*, Ex. 3 [5/26/06 E-mail from Defense Counsel].) Plaintiff bemoans the fact that he was unable to question Mr. Beijer about the letter, which he asserts confirms that Mr. Beijer was the first in a line of supervisors

who conspired to build "a case against [him] for termination" based on his age. (*Id.*, Attachment ¶¶ 4–14, 21–22 [56(f) Aff.].) Defendant has furnished an affidavit in which Mr. Beijer testifies that he has "no recollection of the circumstances surrounding the draft form termination letter dated May 10, 1999." (Def.'s Br., Ex. A ¶ 9 [Beijer Aff.].) Moreover, Defendant argues, while the letter is somewhat relevant as background evidence relating to Plaintiff's performance, it does not bear upon Plaintiff's termination in July 2004. (*Id.* at 6.)

Apparently, the second of the two documents at issue was *never* produced to Plaintiff. (Pl.'s Br. at 5–7.) Instead Plaintiff's counsel represents that after summary judgment briefing, he received the document in the course of his work representing another party in a separate case against Defendant. (*Id.* at 5.) The sparse, undated document bears Defendant's logo and is titled "Headcount." (*Id.*, Ex. 8 [Headcount Doc.].) The document prominently states "GOAL=9[;] PROGRESS=11" and provides a table listing eleven employees who had left Defendant's employ voluntarily or had been terminated or transferred. (*Id.*) The document identifies Plaintiff by name, also listing his: (1) social security number; (2) job location, function, and title; and (3) termination date, along with a notation stating "not replacing." (*Id.*) Plaintiff contends this document constitutes evidence buttressing his pretext arguments because it shows Defendant has concealed that Plaintiff was terminated as a part of a workforce reduction. (*Id.*, Attachment ¶¶ 17–18 [56(f) Aff.].) Consequently, Plaintiff asserts he is entitled to an opportunity to investigate the details of the workforce reduction. (*Id.* at 8.)

In response, Defendant furnishes the affidavit of Renee Cedeño, Defendant's Regional Human Resources Manager, who testifies that Defendant undertook a "headcount reduction"

beginning in March 2004. (Def.'s Br., Ex. B ¶ 7 [Cedeño Aff.].) Ms. Cedeño further asserts that in August 2004 — one month after Plaintiff was fired — Defendant created a "headcount reduction target" seeking to eliminate nine positions in the region in which Plaintiff had worked. (*Id.*, Ex. B ¶ 8 [Cedeño Aff.].) As the document confirms, eleven positions were ultimately eliminated. (*Id.*, Ex. B ¶ 9 [Cedeño Aff.].) Ms. Cedeño claims she created the document on or about October 14, 2004 as a slide in a presentation. (*Id.*, Ex. B ¶ 11 [Cedeño Aff.].) Ms. Cedeño asserts: "[Plaintiff] was not terminated in an effort to reduce headcount. Regardless, the decision was made not to fill the [] position formerly held by [Plaintiff] and then to realize this as part of our headcount reduction goal . . . ." (*Id.*, Ex. B ¶ 10 [Cedeño Aff.].)

Rule 56(f) of the Federal Rules of Civil Procedure[1] allows a party opposing a motion for summary judgment to seek deferral or denial of summary judgment pending discovery of essential facts. *See Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1521–22 (10th Cir. 1992). The party seeking Rule 56(f) relief must submit an affidavit explaining why it cannot present facts that would preclude the entry of summary judgment without further discovery. *See DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993). A Rule 56(f) affidavit must contain more than a mere assertion that further discovery is necessary. *Campbell*, 962 F.2d at 1522 (citation omitted). It must also explain how additional time will enable a rebuttal of the other party's allegations of no

---

[1] Rule 56(f) states: "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Fed. R. Civ. P. 56(f) (2006).

genuine issue of fact. *Id.* "The purpose of the affidavit is to ensure that the nonmoving party is invoking the protections of Rule 56(f) in good faith and to afford the trial court the showing necessary to assess the merit of a party's opposition." *Id.* (citation and quotation marks omitted).

A Rule 56(f) motion is committed to the district court's sound discretion. *See Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995); *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th Cir. 1984). Such motions are liberally construed unless dilatory or lacking in merit. *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993). Further, if "the information sought is irrelevant to the summary judgment motion or merely cumulative, no extension will be granted." *Id.* at 1554. When appropriate, a court may deny the "request for additional time, deny the motion for summary judgment, order a continuance for additional discovery or make such other order as is just." *Id.* at 1553–54 (citations and quotation omitted).

Plaintiff's motion is most certainly not dilatory. *See Jensen*, 998 F.2d at 1554. Plaintiff merely seeks further investigation into documents that were not disclosed to him until after summary judgment briefing. Nor is the information sought by Plaintiff irrelevant. *See id.* Defendant begrudgingly admits as much. (Def.'s Br. at 4–5.) Consequently, Defendant cannot deny that Plaintiff would have been entitled to conduct discovery into the documents had they been timely disclosed. *See* Fed. R. Civ. P. 26(b)(1) (2006) ("Parties may obtain discovery regarding any matter . . . which is relevant to the subject matter involved in the pending action.").

Were I able to find the information Plaintiff seeks to discover is merely cumulative, any injustice created by denying discovery into the late-produced documents would be obviated. *See*

*Jensen*, 998 F.2d at 1554. Defendant employs affidavits to explain that both the 1999 termination letter and the headcount document are entirely consistent with its contention that Plaintiff's termination was motivated solely by Plaintiff's poor job performance. (*See* Def.'s Resp.) It strikes me as inequitable to permit a party that failed to produce evidence in a timely manner to short-circuit discovery into such evidence by furnishing affidavits assuring the late-produced evidence is inconsequential. Moreover, further discovery into the documents may lead to unique evidence lending materially different support to Plaintiff's pretext argument than the evidence presently supporting Plaintiff's summary judgment response. Indeed, if Plaintiff were able to elicit testimony suggesting the unreliability of either Mr. Beijer's or Ms. Cedeño's affidavit, one might reasonably infer therefrom that Defendant's poor performance rationale for firing Plaintiff is pretextual. *See, e.g.*, *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997) (indicating "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in employer's proffered legitimate nondiscriminatory reasons can support inference that such reasons are pretextual). While it may well be that further discovery will serve only to strengthen Defendant's position, Plaintiff is willing to take that risk. In light of circumstances in which the new evidence came to light, the court is loath to stand in his way.

That being said, this court will not give Plaintiff *carte blanche* to conduct extensive discovery.[2] Under its discretion to "make such other order as is just," a court granting a 56(f)

---

[2]The court notes that ample discovery has already taken place in this matter. Indeed, Plaintiff's initial summary judgment response contained a "statement of additional disputed facts" containing an astoundingly unnecessary 278 distinct factual allegations, the vast majority of which were either patently irrelevant or *un*disputed. In addition, a further number of such "additional

motion may provide for "comparatively limited discovery." *See First Nat. Bank of Ariz. v. Cities Srv. Co.*, 391 U.S. 253, 265 (1968); *see also* CHARLES A. WRIGHT, ET AL., 10B FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2740, at 410 (3d ed. 1998) (noting court's discretion under 56[f] to limit persons available, scope, issues, and length of time for discovery). Beyond his request that discovery be reopened to the "appropriate extent needed," Plaintiff neglects to detail the breadth and scope of the discovery he would seek. (*See* Pl.'s Br.; Pl.'s Reply.) With respect to the 1999 termination letter, the court determines that Plaintiff may depose the supervisor in whose files it appeared, Mr. Beijer. With respect to the headcount document, Plaintiff may: (1) depose its author, Ms. Cedeño; and (2) if necessary, request copies of the slide presentation in which the document appeared. Plaintiff should not mistake this limited grant as an opportunity to rehash issues covered in his prior depositions of Mr. Beijer and Ms. Cedeño.

Based on the foregoing, it is therefore ORDERED that

1. PLAINTIFF's motion (#40) for a continuance of summary judgment proceedings is GRANTED.

2. DEFENDANT's motion (#28) for summary judgment is therefore DENIED without prejudice to refiling.

---

disputed facts" were based upon what the court will generously term "*creative*" interpretations of the evidentiary record. I encourage Plaintiff's counsel to give careful consideration to the first clause of Federal Rule of Civil Procedure 11(b)(3), for this court does not take kindly to parties who see fit to bend or break the rule.

3.      DEFENDANT's motion (#36) to strike evidence submitted in support of Plaintiff's response brief in opposition to Defendant's motion for summary judgment is DENIED as moot.

4.      Plaintiff has thirty days from the date this order is filed to: (1) request a copy of the slide presentation in which the "headcount" document appeared; and (2) depose Mr. Beijer and Ms. Cedeño with respect to issues raised by the late-produced documents.

5.      Defendant may move for summary judgment no later than forty-five days from the date this order is filed.

Dated this 13th day of February, 2007

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge